FILED

2009 APR -3 AM II: 01

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS. FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## (FT. MYERS DIVISION)

| | |
|---|---|
| FRANK C. BLUMEYER <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA CORPORATION DBA COUNTRYWIDE BANK, ALL LENDERS MORTGAGE CORPORATION, ABBE DROSSNER and JEFF JOHNSON, <br><br> Defendants. | Case No. <br><br> 2:09-cv-197-FtM-29 SPC |

## COMPLAINT

Plaintiff, Frank C. Blumeyer ("Blumeyer")by and through its undersigned counsel, brings this action against Defendants, and alleges as follows:

### THE PARTIES

1.     Frank C. Blumeyer ("Blumeyer") is an individual and a citizen of the United States residing in St. Louis, Missouri.

2.     Defendant Bank of America Corporation ("BofA") is a Delaware corporation having its principal place of business in Charlotte, North Carolina and does business as Countrywide Bank.

1

3.      Defendant All Lenders Mortgage Corporation ("All Lenders") is a close Florida Corporation having a principal place of business at 242 Peninsula Blvd, Naples, Florida.

4.      Upon information and belief, Defendant Abbe Drossner "Drossner") is the sole shareholder of All Lenders Mortgage Corporation, a mortgage broker, while Jeff Johnson ("Johnson") purports to be an agent of and working for "All Lenders" . Both Drossner and Johnson can also be found at 242 La Peninsula Blvd. in Naples, Florida.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332(a) in that there  is diversity jurisdiction as the parties are citizens of different states while the amount in controversy exceeds $75,000.00.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(d).

## **FACTS**

7.      On August 14, 2008, an Agreement, labeled "Consultants Fee Agreement" ("the Agreement") was entered into between, on the one hand, plaintiff Blumeyer and defendants All Lenders Mortgage Corporation, executed by its principal Abbe Drossner. The Agreement is attached hereto as Exhibit 1 and states, *inter alia,* "Owner (Blumeyer) engages consultant (All Lenders Mortgage) to provide the following service. To obtain a mortgage loan with the terms and conditions agreeable to the Owner/Borrower...Consultant compensation is to be paid at the closing of the loan.The total fee is $46, 260   directly [payable] to the Consultant."

8.      On or about August 19, 2008, a reverse mortgage loan was (purportedly) secured by Jeff Johnson acting on behalf of All Lender's from Countrywide Bank for the refinancing of Mr.Bluemyer's property, located at 4144 Gordon Drive in Naples.

9.      Mr. Blumeyer, who is 91 years of age, had received a commitment letter dated August 11, 2008 from Countrywide Bank (Exhibit 2) setting forth the details and conditions of the loan specifying that an "origination fee (up to 2% of your home value)" would be deducted from proceeds to Blumeyer at closing. Believing that All Lenders had procured this loan commitment, and no origination fee would be deducted at closing Mr. Blumeyer paid All Lenders the fee called for in the Consultants Agreement of $46,080 (Exhibit 3, hereto)prior to closing, on August 14, 2008.

3

10.     As shown by the settlement statement, (Exhibit 4) a loan origination fee of $48, 060.60 was paid by Mr. Blumeyer to Countrywide Bank at closing of the Countrywide loan on August 19, 2008.

11.     When questioned by Mr. Blumeyer as to why he was paying two loan origination fees, Mr. Johnson induced Mr. Blumeyer to go forward with the second payment to Countrywide on the promise that the fee paid to Countrywide would be credited/paid back by Countrywide on the basis that there was no broker fee to be paid in the settlement statement .(see line 807 in Settlement Statement, Exhibit 4) and under these circumstances, he would bring to the Bank's attention that All Lenders did claim an origination fee, but since it was  not listed on the Settlement sheet, the bank's policy would be to reimburse the borrower the origination fee paid at settlement to the Bank or pay the Origination fee to the Broker, All Lenders, which would then reimburse Mr. Blumeyer.

.    12.     Countrywide Bank refused to reimburse the broker fee to Blumeyer or All Lenders contending that  All Lenders and/or Jeff Johnson  was not involved in the procurement of the loan and was not recognized as an agent of Countrywide Bank. Rather, Countrywide contends that it negotiated the loan directly with Mr. Blumeyer and as a consequence is entitled to the loan origination fee in lieu of All Lenders/Johnson..

13.     All Lenders/Johnson contend that they did in fact, procure the loan and as such is entitled to the fee they received from Blumeyer and Countrywide Bank was not, and should reimburse Blumeyer.

## CLAIMS

### vs. All Lenders & Its Agents

### (Breach of Contract)

### (Fraud and Misrepresentation)

14.    All Lenders failed to perform under the Consultants Fee Agreement (Exhibit 1) in obtaining a loan for Blumeyer on the property located at 4144 Gordon Drive, Naples, Florida as contracted for. As a consequence, Blumeyer is entitled to reimbursement of the origination fee paid All Lenders with interest.

15.    All Lenders/ Johnson misrepresented to Blumeyer that any origination fee paid at settlement to Countrywide Bank would be returned by the Bank to Blumeyer in order to induce Blumeyer to go forward with the settlement of the loan and pay the Consultants Fee, all to the detriment of Blumeyer.Because of the fraudulent inducement, Blumeyer is entitled to punitive damages in excess of the reimbursement of the origination fee paid All Lenders to preclude repetition of and punish the conduct of All Lenders and its agents in taking advantage of a 91 year old  senior.

### vs. Countrywide Bank

### (Unjust Enrichment)

16. If the loan was brokered by All Lenders/Johnson to Countrywide Bank, acting as a Countrywide Agent, there should have been no origination fee collected at settlement by Countrywide, but a credit given to the Borrower Blumeyer as having paid a Brokers Fee listed on the settlement sheet .. By collecting the origination fee and refusing

5

to credit Blumeyer, Countrywide took funds it was not entitled to, all to the detriment of Blumeyer.

WHEREFORE, Plaintiff prays that judgment be entered in its favor

     a.     directing Defendants to jointly or severally repay Blumeyer $48,060 plus interest;

     b.     punitive damages in a minimum amount of $100,000 for the fraud and misrepresentation perpetrated on Blumeyer;

     c.     an award of attorneys' fees and costs.

     d.     such other and further legal and equitable relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on any and all issues so triable.

Dated: March 30,2009

Respectfully Submitted,

Allen D. Brufsky, PA

By: _____
Allen D. Brufsky
FL Bar No. 133980
475 Galleon Drive
Naples, FL 34102
239-963-9641 (Tel)
239-263-3441 (Fax)
abrufs@aol.com(E-mail)